

FILED

08/16/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0341

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0341

STATE OF MONTANA,

Plaintiff and Appellee,

v.

RICHARD WAYNE SPARKS,

Defendant and Appellant.

FILED

AUG 1 6 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Self-represented Appellant Richard Wayne Sparks has pending an appeal in his postconviction proceeding. Sparks filed, on July 25, 2022, four motions for various relief: "Motion Requesting Appointment of Counsel;" "Motion for Release from Custody;" "Motion Requesting [Joinder] of Claims;" and "Request for the Mandated and Entitled 'Frank's' Evidentiary Hearing." The State of Montana has not filed a response.

On July 13, 2022, this Court granted Sparks's Petition for an Out-of-Time Appeal of a March 4, 2022 Order denying his postconviction motions, not the July 21, 2021 Judgment and Commitment. We explained this difference.

> Upon review, we conclude that Sparks is entitled to an appeal but that he is not entitled to appointment of counsel to represent him. Section 46-8-104(3), MCA. On March 4, 2022, the District Court denied his motions in a written order, and about two months later, the court denied Sparks's motion for reconsideration. Sparks appeals the court's order deciding his postconviction motions, not the July 21, 2021 Judgment and Commitment. There is no right to the appointment of counsel in a postconviction proceeding for relief, although a court may order the assignment of counsel under the circumstances outlined in § 46-8-104, MCA. Instead of seeking a timely appeal with this Court, he sought relief in the District Court as a self-represented litigant. His delay in seeking a timely appeal is due to the motions he filed in District Court in lieu of seeking a direct appeal of his convictions and sentences.

Upon further review, we conclude Sparks is not entitled to any relief. This Court has explained the denial of Sparks's initial request for counsel and what order he may appeal. Sparks is not entitled to representation of counsel on appeal in his postconviction matter, to joinder or consolidation of his appeals, to release, or to an evidentiary hearing. This Court does not hold fact-finding hearings because that is the role of the trial court.

Therefore,

IT IS ORDERED that Sparks's above-listed Motions are DENIED.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court shall REMOVE Sparks's copy of the July 2021 Judgment and Commitment from his filed Notice of Appeal to comport with this Court's July 13, 2022 Order. Upon receipt of the District Court record, the Clerk will REPLACE the order on appeal with a copy of the March 4, 2022 Order.

The Clerk is also directed to provide a copy of this Order to counsel of record and to Richard Wayne Sparks personally.

DATED this 16th day of August, 2022.

Justices

2